IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Nelson Fowler, Sr., ) | |
| ) | Civil Action No. 8:06-0763-CMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Tom Fox, Director; Dr. FNU Hemp, ) | |
| Head Medical Nurse; J. Rubin ) | |
| Long Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on March 14, 2006, seeking damages for alleged civil rights violations while he was a pretrial detainee. On July 17, 2006, the defendants moved for summary judgment. By order filed July 18, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment

dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 20, 2006, the plaintiff filed a response.

## **FACTS PRESENTED**

The plaintiff is an inmate within the South Carolina Department of Corrections ("SCDC") currently housed in the Manning Correctional Institute ("MCI"). While a pretrial detainee, the plaintiff was housed at the J. Rueben Long Detention Center ("JRLDC") in Conway. In his complaint, the plaintiff alleges that on his second day at JRLDC, he slipped and fell on a freshly mopped floor. (Compl. at 3.) He states he suffered a head injury and strained himself trying to break his fall causing hemorrhoids. (*Id*.) Several days later, he alleges his hemorrhoids began to bleed excessively and he was in great pain. (*Id*.) He states he was prescribed Preparation H suppositories which he could not use because of swelling. (*Id*.) He alleges after a week, he went to back to medical and defendant Hipp told him he could not go to the hospital unless he paid $200 in advance. (*Id*.)[1] He alleges that after he told Hipp he had insurance, even though he knew it had expired, Hipp allowed him to see Dr. Ellis. (Compl. at 3.)

Dr. Ellis operated on the plaintiff removing his hemorrhoids. (Compl. at 4.) The plaintiff states he was hospitalized for one week and returned to JRLDC. (*Id*.) The plaintiff alleges the defendants refused to timely transport him to his follow-up visit with Dr. Ellis and thus he was a month late in receiving follow-up care. (*Id*.) The plaintiff contends at his

---

[1]The parties agree that the defendant Hemp's name should actually be Hipp. Accordingly, the court will refer to this defendant as Hipp in this report.

2

followup appointment, Dr. Ellis stated he would need further surgery in the future. (*Id*.) He alleges he is still having problems and his wife is being billed for medical expenses for which he should not be responsible. (*Id*.)

He further alleges that after he hit his head when he fell, he developed a bump that began to grow and cause him headaches. He alleges that after several requests, defendant Hipp finally examined him and told him it was nothing. He alleges the bump continued to grow and he was told he would have to pay $200 up front for further treatment. He states that it was not until he was left the JRLDC and entered the Kirkland Correctional Institute that he had surgery to remove the 2" lipoma tumor on his head.

He further alleges unqualified medical personnel, "Mrs. Peggy," lanced a staph infection on his butt cheek. He contends he "did not get proper medical attention for that either." (Comp. at 6.) Two weeks later, the plaintiff alleges he was bitten by a brown recluse spider and was again treated by unqualified medical personnel. He alleges the spider bite was drained on several occasions and he was running a high fever and in pain, but was given only penicillin. (Id.) He alleges that he was told he had a staph infection, but "it did not look like staph to [him]." (Id.) He contends medical personnel refused to take him to a regular doctor or the emergency room.[2]

He also states he was prescribed two mattresses by medical staff, but dorm officers took the extra mattress from him because medical staff did not put in the computer that the

---

[2]The plaintiff lists the medical personnel as Mrs. Peggy, Mr. Clark, Dr. Hipp, Mrs. Diana, and Mrs. Donna. However, the plaintiff has named only Hipp as a defendant.

3

plaintiff was to have two. (Compl. at 7.) He further alleges while at JRLDC he was supposed to have been housed in a downstairs cell room, but he was not. (*Id*.)

The plaintiff states he is bringing claims for medical neglect and malpractice, deliberate indifference, and cruel and unusual punishment. (Compl at 11.) He is seeking actual damages of $1 million and $1 million in punitive damages. (*Id*.)

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

4

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Deliberate Indifference/Cruel and Unusual Punishment**[3]

The plaintiff alleges the defendant nurse practitioner defendant Hipp was deliberately indifferent to his medical needs. The government is "obligat[ed] to provide

---

[3] The inquiry as to whether officials were deliberately indifferent to serious medical needs is the same under both the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988)(citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). *See also Russell v. Schafer*, 528 F.2d 318 (4th Cir. 1975) (holding mistreatment or non-treatment must be capable of characterization as "cruel and unusual punishment" in order to present a colorable claim under § 1983). Accordingly, although the plaintiff frames his claims as two separate ones, because the facts and analysis are the same, the court has combined the two claims.

5

medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.[4] Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

"Deliberate indifference is a very high standard. In *Miltier*, the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." 896 F.2d at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or

---

[4]The court notes that the plaintiff was a pretrial detainee at the time of the alleged constitutional violations. Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988) (citing *Estelle*, 429 U.S. 97).

a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va.1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). The type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F.Supp. 326 (S.D.Ga.1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975). Incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Miltier*, 896 F.2d at 851.

As to the plaintiff's claims of medical indifference against defendant Tom Fox, these claims should be dismissed. The Fourth Circuit has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*. Under these principles, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the defendant Fox.

Furthermore, to the extent the plaintiff could rely on the doctrine of supervisory liability, the plaintiff has failed to make any showing of supervisory liability. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. See also Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir.), cert. denied, 502 U.S. 828 (1991); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985). Accordingly, defendant Fox should be dismissed.

On the merits of the claims against defendant Hipp, assuming arguendo hemorrhoids and a lipoma are considered serious or life threatening conditions, there is no evidence that defendant Hipp was deliberately and intentionally indifferent to the plaintiff's medical needs. The plaintiff has failed to show that he was denied medical treatment by the defendant Hipp. In fact, the plaintiff acknowledges in his complaint that he was prescribe Preparation H and later Hipp arranged for him to be seen by Dr. Ellis, a little over two weeks after the plaintiff's admission to the JRLDC. Further, the plaintiff acknowledges that he was treated for a staph infection and spider bite while incarcerated at JRLDC. The plaintiff merely alleges that the treatment was insufficient. The plaintiff has

shown nothing more than a disagreement with the medical treatment provided, not that he was denied medical treatment.

At most, the plaintiff's complaint sounds of medical negligence, which is not actionable under 42 U.S.C. § 1983. *Miltier*, 896 F.2d at 851 (holding for plaintiff to succeed on medical indifference claim, treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . mere negligence or malpractice does not violate the Eighth Amendment .") Accordingly, the plaintiff has failed to state a 1983 claim for medical indifference against the defendants.

The plaintiff also alleges the defendants did not timely transport him for a follow-up appointment with Dr. Ellis and the follow-up appointment was a month late. The plaintiff's medical records directly contradict these allegations. The plaintiff's surgery was performed on July 27, 2004, and he states he was in the hospital for approximately one week. He was seen for a follow-up appointment by Dr. Ellis on August 18, 2004. (Defs.' Mem. Supp. S.J. Mot. Ex. 10 at 15.)   Therefore, the plaintiff was seen by Dr. Ellis approximately  three weeks after his surgery and two weeks after his hospital stay ended. Even assuming there was a delay, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir.1994). The plaintiff has failed to allege how any such delay resulted in a detrimental effect.

The plaintiff also alleges the defendants failed to remove the lipoma from his head which he contends "could have turned malignant." "A lipoma is a common, benign tumor composed of fatty tissue. Lipomas are soft to the touch, sometimes moveable, and are generally painless. They grow very slowly, and have not been found to become cancerous." http://en.wikipedia.org/wiki/Lipoma. Treatment of a lipoma is not necessary, unless the tumor becomes painful or restricts movement. *Id*. The plaintiff acknowledges Hipp examined the lump and he alleges she told him the lump was nothing and would go away on its own. Although it appears that the lipoma probably would not have gone away on its own, Hipp merely was incorrect in her diagnosis of the plaintiff's condition. If Hipp's actions resulted in a misdiagnosis and delay in treatment, then at most, her actions might constitute medical negligence, which is not cognizable in a § 1983 action. *See Estelle*, 429 U.S. at 105-06. Further, the plaintiff has not alleged or provided any evidence that the delay in removing the lipoma caused any permanent injury or rises to the level of deliberate indifference to a serious medical need. *Hill*, 40 F.3d at 1188. Accordingly, the plaintiff's claims of medical indifference against defendant Hipp should be dismissed.

As to the allegations concerning the mattresses and the plaintiff's placement in a first floor cell (compl. at 7), the plaintiff has failed to allege any injury and merely makes conclusory allegations. Accordingly, these claims also should be dismissed.[5]

---

[5]Additionally, the court notes that the plaintiff makes allegations against an officer Anderson regarding his treatment while he was hospitalized. (Compl. at 2.) Officer Anderson, however, is not a defendant in this action.

10

Finally, the court notes that the defendant JRLDC is not a proper defendant in this action and should be dismissed. The JRLDC is a group of buildings or a facility. Inanimate objects, such as buildings, facilities, and grounds-do not act under color of state law. Hence, the JRLDC is not a "person" subject to suit under § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir.1969)(holding California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va.1999)(holding "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under § 1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989)(holding "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

**State Law Claims**[6]

To the extent that the plaintiff's complaint states additional claims under state law, (i.e. medical malpractice or negligence), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

---

[6]The undersigned notes the plaintiff specifically refers to the South Carolina Torts Claim Act in the caption of his complaint.

**CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' motion for summary judgment be GRANTED and the Plaintiff's claims be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                                                     s/Bruce H. Hendricks
                                                                                     United States Magistrate Judge

January 16, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).